ELLIS, Judge.
This is a suit in tort originally brought against Humble Oil & Refining Company, E. I. Miller d/b/a E. I. Miller & Sons Trucking Company, and other defendants, for damages suffered when plaintiff was injured by the explosion of a twelve volt battery. Humble filed a motion for summary judgment, and Miller filed an exception of no cause of action and a motion for summary judgment to the original petition. Subsequently, plaintiff amended his petition so as to make an alternative demand under workmen’s compensation law against Humble. Humble filed an exception of prescription to the alternative demand in workmen’s compensation. Subsequently, by a second supplemental petition, plaintiff named I. E. Miller & Sons, a commercial partnership, in place of E. I. Miller d/b/a E. I. Miller Trucking Company in his petition and named Allen Gus Miller and Continental Casualty Company, the insurer of Miller & Sons, as additional defendants. On November 4, 1968, for oral reasons, the court sustained the motion for summary judgment filed by I. E. Miller & Sons, and dismissed the suit as to the partnership. It further sustained the motion for summary judgment filed by Humble Oil & Refining Company, and dismissed the tort suit against it. The judgment in favor of Humble Oil on the summary judgment was signed on November 12, and the Miller judgment on November 18, 1868.
On January 3, 1969, plaintiff filed a motion alleging that he wished to appeal de-volutively from the judgments of November 12 and 18, but that he was unable to do so because of his poverty and want of means, and asked leave of the court to “continue to prosecute and appeal this cause” in forma pauperis. Proper affidavits were attached to the motion, and the court signed an order authorizing plaintiff “to continue the prosecution and appeal of this cause in forma pauperis”. However, no motion for appeal of those judgments was filed by the plaintiff.
Subsequently, a motion for summary judgment was filed on behalf of Allen Gus Miller and Continental Casualty Company. Exceptions of no cause of action, no right of action, res judicata, and judicial estoppel were also filed. On April 24, 1969, for oral reasons, the court sustained all of the exceptions and the motion for summary judgment filed by Allen Gus Miller and Continental Casualty, and dismissed the suit as to them. That judgment was signed on April 29, 1969, and plaintiff timely moved for a devolutive appeal therefrom.
In this court, plaintiff claims that it has effectively appealed from all three of the judgments, claiming that the motion to be permitted to proceed in forma pauper-is is in effect a motion for a devolutive appeal of the judgments of November 12 and 18, 1968. This argument is without merit. The motion and order refer only to the right to continue to prosecute or *792 appeal this cause without the payments of costs. Plaintiff neither requested nor was granted an appeal and no return date was fixed by the order. The judgments of November 12 and 18 are, accordingly, final. The only valid appeal before this court is the appeal from the judgment of April 29, 1969, which dismissed the suit as to Allen Gus Miller and Continental Casualty Company.
The only allegation of negligence on the part of Allen Gus Miller is set forth in Article 8(a) of the second amending and supplemental petition filed by the plaintiff, which reads in full as follows:
“The automobile being driven by Gus Miller, owned by I. E. Miller and Sons, was a comparatively new vehicle; the owner’s manual furnished with the new automobile at the time it was delivered to I. E. Miller and Sons, specifically warned against the use of the battery as a booster by means of “jumper cables” to be connected to another battery; the owner’s manual cautioned against the use of the vehicle’s battery as a booster and set out in detail the probably abuse which could occur if such a technique was undertaken. Gus Miller, as assistant manager of I. E. Miller and Sons knew or should have known of the hazard which is created by permitting the use of the battery in his automobile as a booster and permitting same to be connected to a weak and probably defective or run down battery on the compressor, yet despite the warning set out in the owner’s manual, Gus Miller did negligently permit the use of his vehicle’s battery as a booster.”
According to the affidavits filed by Allen Gus Miller in support of the motions for summary judgment filed herein, he drove his car near the rig and was asked by some employees of Hercules Drilling Company to permit them to connect the battery in his automobile to a battery which was being used to start the air compressor on the drilling rig. Mr. Miller remained in his car and kept the motor running. According to plaintiff’s affidavit in opposition to the motion for summary judgment, some person other than himself connected the cables to the battery in the Miller car, and plaintiff connected one jumper cable to the compressor battery. When he touched the other terminal with the other jumper cable, the battery exploded.
Both of the parties quote the following language from the 1967 Ford Owner’s Manual:
“Use of battery booster and jumper cables :
“To start a car with a ‘run-down’ battery, hook the jumper cables to the booster battery first. Be sure to connect the positive (+) terminals of the batteries through one cable (usually red) and the negative terminals through the other. Any other procedure will damage the charging system.”
A perusal of the affidavits filed in support of and in opposition to the motion for summary judgment reveals not one dispute as to a material fact. We must determine, therefore, if Allen Gus Miller, as a matter of law, can be found negligent under the circumstances outlined above.
Plaintiff has failed to point out any basis for such liability. The language in the Ford manual, quoted above, does not caution against the use of the battery for booster purposes, and warns only of damage to the charging system in the event the terminals are improperly connected. We know of no rule of law which would make it incumbent on Mr. Miller to supervise such an operation as took place in this case, and none is pointed out to us by plaintiff. Plaintiff’s allegation that Mr. Miller was negligent is not sufficient to defeat the motion for summary judgment in the absence of a basis for same. Plaintiff’s own affidavit alleges that the proceedings were carried out under the direction of someone other than Mr. Miller. We think the mo *793 tion for summary judgment was properly sustained.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.